UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| LLOIS B. COPELAN, a single individual, | ) ) ) | NO.   CV-06-0303-LRS |
| Plaintiff, | ) ) | |
| -vs- | ) ) | **ORDER DENYING PLAINTIFF'S MOTION FOR REMAND TO OKANOGAN COUNTY SUPERIOR COURT** |
| FERRY COUNTY, a County in the State of Washington, PETE WARNER and JANE DOE WARNER, individually and the marital community composed thereof, DEANNA DEVAUL, and JOHN DOE DEVAUL, individually and the marital community composed thereof, BUD KNOWLES and JANE DOE KNOWLES, individually and the marital community composed thereof, and JOHN DOES I-X, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Before the court is Plaintiff's Motion to Remand(Ct. Rec. 4)[1], filed November 9, 2006, and noted without oral argument.  Plaintiff requests that this action be remanded to the Okanogan County Superior.

**I. BACKGROUND**

Plaintiff served a Complaint for Damages on Defendants in Okanogan County Superior Court on October 6, 2006.  The Complaint raises tort claims under Washington state law related to allegations

---

[1]Plaintiff also incorporates Plaintiff's Objection to Notice of Removal (Ct. Rec. 3) into her Motion For Remand.

**ORDER** - 1

1  of improper impoundment of Plaintiff's cattle under Washington State
2  Open Range Laws.  The other claim arises under 42 U.S.C. §1983.

3      On November 1, 2006, Defendants filed a timely "Notice Federal
4  Removal" to the United States District Court for the Eastern District
5  of Washington.  Pursuant to 28 U.S.C. § 1446, Defendants removed the
6  case to federal court on the ground that the Complaint includes both
7  state law claims and a claim under 42 U.S.C. § 1983.  Ct. Rec. 1.
8  Defendants assert that removal of the action is proper based on
9  Plaintiff's civil rights claim.  Ct. Rec. 1 at 2.

10     Plaintiff objects to the removal and moves for remand to Okanogan
11  County Superior Court.  Plaintiff argues this case is predominantly
12  grounded in state law tort and the Washington State Open Range laws
13  which state courts are better equipped to handle.  Plaintiff
14  additionally argues that the removal was intended to harass, delay
15  and increase the expense of litigation to Plaintiff's detriment.  In
16  support of her argument, Plaintiff informs that all or most of the
17  witnesses are located on Okanogan County.

18                          **II. DISCUSSION**

19  **A.  Legal Standard**

20     When a case is removed from state court, a district court must
21  remand the case if it determines that it lacks subject matter
22  jurisdiction.  See 28 U.S.C. §1447(c).  There is a "strong
23  presumption" against removal, *Gaus v. Miles, Inc.*, 980 F.2d 564, 566
24  (9th Cir.1992), and any uncertainties are to be resolved in favor of
25  remand, *see Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393
26  (9th Cir. 1988).  Defendants bear the burden of proving, by a

**ORDER** - 2

preponderance of evidence, actual facts sufficient to support jurisdiction. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996). If the complaint does not already disclose a sufficient basis for jurisdiction, such facts must appear in the notice of removal. *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). "Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214, (1941)).

## B. Jurisdiction

United States District Courts are courts of limited jurisdiction. Under 28 U.S.C. §1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States. . . " 28 U.S.C. §1441(a). Because §1441 allows removal of actions only within the federal court's original jurisdiction, the first question for consideration is whether this court has original jurisdiction.

/ / /

/ / /

/ / /

/ / /

**ORDER** - 3

Defendants base the removal of this action on 28 U.S.C. §1441(a)[2]. Ct. Rec. 1. Under 28 U.S.C. § 1441(a), the removal statute, any civil action "of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." So the question becomes whether the action as originally brought would have been within the District Court's federal-question jurisdiction, see 28 U.S.C. § 1331, if it had been filed in a federal district court in the first place.

Plaintiff asserts that although the court does have original jurisdiction over the 42 U.S.C. § 1983 claim pleaded and alleged in her complaint, state courts handle civil rights claims on a routine basis. Ct. Rec. 7, at 2. Plaintiff also argues that this type of case hardly warrants the attention of the federal courts. *Id*. at 4. Plaintiff states she is seeking judgment against Defendants for an insignificant amount compared to the anticipated costs of discovery in federal court. *Id*. at 3-4.

---

[2](b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought. 28 U.S.C. § 1441(b).

**ORDER** - 4

The court agrees with Defendants that the civil rights claim in the well-pleaded Complaint can serve as the basis for a district court's "arising under" jurisdiction.[3]  Defendants properly argue that 28 U.S.C. §1441(c) provides that whenever a separate or independent claim within the jurisdiction conferred by § 1331 is joined with one or more otherwise non-removable claims, the entire case may be removed and the district court may determine all issues therein ... " Ct. Rec. 6, at 4-5.  Because federal district court's have original jurisdiction over claims brought pursuant to § 1983, the case was properly removed to federal court upon Defendant's motion. See 28 U.S.C. § 1441(a) (authorizing removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction"); 28 U.S.C. § 1331 (granting district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States").

Moreover, although this Court has discretion to decline the exercise of supplemental jurisdiction over Plaintiff's remaining claims brought under Washington state law, the exercise of supplemental jurisdiction in this case is proper.  See 28 U.S.C. § 1367(a), (c).  Plaintiff's § 1983 claim and state claims derive from the same set of facts, namely the alleged improper cattle impoundment by Defendants.  See *Brady v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995).  Further, Plaintiff's federal claim does not predominate over her state

---

[3]Section 1331 states: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.  28 U.S.C. §1331.

**ORDER** - 5

1  claims and the goals of judicial economy, convenience, fairness, and

2  comity would be served by the exercise of supplemental jurisdiction.

3  See 28 U.S.C. § 1367(c)(2).

4     Plaintiff's objection maintains remand to state court is

5  necessary to promote judicial economy and the conservation of judicial

6  resources.  In support of this contention, Plaintiff notes the state

7  courts are quite familiar with Washington open range laws.  Plaintiff

8  also points to suits filed in state court by Plaintiff's counsel in

9  which 42 U.S.C. §1983 claims were handled in state courts. The mere

10 fact of the state court's familiarity with cattle laws and §1983

11 claims does not counsel remand to state court.  This Court is

12 competent to familiarize itself with the relevant facts of this case

13 as they come to light in the proceedings.

14    The foregoing notwithstanding, the Court notes that the dispute

15 giving rise to this suit apparently involves 13 cattle which were

16 impounded and hauled to Davenport, Washington.  Plaintiff's concerns

17 about costs and inconvenience are not without merit.  The parties are

18 reminded that alternate dispute resolution is encouraged when

19 appropriate.

20              **III.   CONCLUSION**

21    The Court finds that Defendants complied with 28 U.S.C. §1441.

22 The Court concludes it may exercise jurisdiction under § 1441 because

23 there is indication from the pleadings that the state action contains

24 a claim arising under a federal law.  In light of the above, this

25 Court has jurisdiction over this matter and it shall not be remanded

26 to Okanogan County Superior Court.  Given the limited nature of this

ruling and the lack of a developed factual record, no opinion is
expressed herewith concerning either the merits of Plaintiff's claims
or the defenses which may be available to the Defendants. Accordingly,

    **IT IS ORDERED** that:

    1.   Plaintiff's Motion For Remand to Okanogan County Superior
Court, Ct. Rec. 4, filed November 9, 2006 is **DENIED.**

    The District Court Executive is directed to file this Order and
provide copies to counsel of record.

    **DATED** this 8th day of December, 2006.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

**ORDER** - 7