UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

LLOIS B. COPELAN, a single individual,

Plaintiff,

-vs-

FERRY COUNTY, a County in the State of Washington, PETE WARNER and JANE DOE WARNER, individually and the marital community composed thereof, DEANNA DEVAUL, and JOHN DOE DEVAUL, individually and the marital community composed thereof, BUD KNOWLES and JANE DOE KNOWLES, individually and the marital community composed thereof, and JOHN DOES I-X,

Defendants.

NO. CV-06-0303-LRS

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Before the Court are Defendant Ferry County, Pete and Jane Doe Warner's [County Defendants] Motion for Summary Judgment, Ct. Rec. 45, filed November 26, 2007; and County Defendants' Motion to Strike, Ct. Rec. 73, filed January 8, 2008. These motions are noted without oral argument.

**I. BRIEF BACKGROUND**

Plaintiff served a Complaint for Damages on Defendants in Okanogan County Superior Court on October 6, 2006. The Complaint raises tort

claims related to allegations of improper impoundment of Plaintiff's cattle under Washington State Open Range Laws, RCW Ch. 16.04 and 16.24. The remaining claim arises under 42 U.S.C. §1983.

On November 1, 2006, Defendants filed a notice of removal to federal court on the ground that the Complaint included both state law claims and a claim under 42 U.S.C. § 1983. Ct. Rec. 1. Plaintiff's original counsel objected to the removal on the grounds that this case was predominantly grounded in state law tort and the Washington State Open Range laws which, Plaintiff argued, state courts are better equipped to handle. The Court, however, denied Plaintiff's motion to remand to Okanogan County Superior Court on December 8, 2006. On September 26, 2007, the Court granted Plaintiff's original counsel's motion to withdraw. Current counsel took over Plaintiff's case on November 9, 2007.

## II. DISCUSSION

### A. Legal Standards and Analysis

#### *1. Summary Judgment*

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Zweig v. Hearst Corp*., 521 F.2d 1129 (9th Cir.), *cert. denied*., 423 U.S. 1025 (1975). Under Fed. R. Civ. P. 56, a party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 106 (1986); *Semegen v. Weidner*, 780 F.2d 727 (9th Cir. 1985). Summary judgment is precluded if there exists a genuine dispute over a fact that might affect

///

the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248.

The moving party has the initial burden to prove that no genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Once the moving party has carried its burden under Rule 56, "its opponent must do more than simply show that there are some metaphysical doubt as the material facts." Id. The party opposing summary judgment must go beyond the pleadings to designate specific facts establishing a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

In ruling on a motion for summary judgment, all inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmovant. *Matsushita*, 475 U.S. at 587. Nonetheless, summary judgment is required against a party who fails to make a showing sufficient to establish an essential element of a claim, even if there are genuine disputes regarding other elements of the claim. *Celotex*, 477 U.S. at 322-23.

***2. 42 U.S.C. § 1983***

To state a claim under 42 U.S.C. § 1983, at least two elements must be met: (1) the defendant must be a person acting under color of state law, (2) and his conduct must have deprived the plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Implicit in the second element is a third element of causation. *See Mt. Healthy City School Dist. v. Doyle*, 429 U.S. 274, 286-87, (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), *cert. denied*, 449 U.S.

975 (1980). When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed.

***a. Qualified Immunity***

Defendant Warner contends the doctrine of qualified immunity shields him from Plaintiff's § 1983 claim. Qualified immunity shields government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Qualified immunity protects "all but the plainly incompetent or those who knowingly violated the law." *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). "Where an official could be expected to know that certain conduct would violate statutory or constitutional rights, [the official] should be made to hesitate...." *Harlow*, 457 U.S. at 819, 102 S.Ct. 2727. However, where an official acts in an area where "clearly established rights are not implicated, the public interest may be better served by action taken 'with independence and without fear of consequences.' " *Id*.

In *Saucier v. Katz, supra*, the Supreme Court clarified the several stage process for determining whether the qualified immunity defense applies. *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). First, the Court is to decide whether taken in the light most favorable to the party asserting the injury, the facts alleged show the officer's conduct violated a constitutional right. *Id*. If Plaintiff fails to conclusively establish a constitutional violation, the inquiry ends and the state actors are immune from suit.

///

Next, the Court must proceed to determine whether the constitutional right in question was "clearly established" such that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id*. at 201-02, 121 S.Ct. 2151. If the right is not clearly established, the individual public officials are entitled to qualified immunity if a reasonable official could have believed that his or her conduct was lawful. *Thompson v. Souza*, 111 F.3d 694, 698 (9th Cir. 1997). To be clearly established, the law must be "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)); *see also Groh v. Ramierez*, 540 U.S. 551, 124 S.Ct. 1284, 157 L.Ed.2d 1068 (2004).

Once these requirements are found to have been satisfied, the inquiry proceeds to another, closely related issue, that is, whether the officer made a reasonable mistake as to what the law requires. *Saucier* emphasized that the inquiry for qualified immunity eligibility is distinct from establishment of a constitutional violation. As the Court explained, "[t]he concern of the immunity inquiry is to acknowledge that reasonable mistakes can be made as to the legal constraints on particular police conduct...[i]f the officer's mistake as to what the law requires is reasonable, however, the officer is entitled to the immunity defense." *Saucier*, 533 U.S. at 205, 121 S.Ct. 2151.

"[W]hether an official protected by qualified immunity may be held personally liable for allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action." *Anderson v. Creighton*, 483 U.S. 635, 639, 107 S.Ct. 3034, 97 L.Ed.2d 523

(1987)(quoting Harlow, 457 U.S. at 819, 102 S.Ct. 2727); *Bingham v. City of Manhattan Beach*, 341 F.3d 939, 950 (9th Cir. 2003). "Even law enforcement officials who 'reasonably but mistakenly conclude that probable cause is present' are entitled to immunity." *Hunter*, 502 U.S. at 227, 112 S.Ct. 534; *Bingham*, 341 F.3d at 950. After a defendant properly raises qualified immunity in his or her defense at the summary judgment stage, the burden is on the plaintiff to produce evidence sufficient to create a genuine issue of material fact whether defendant engaged in conduct alleged to have violated a clearly established right.

Defendants argue that Defendant Warner is entitled to qualified immunity because Plaintiff cannot establish that she was deprived of any constitutional right. Defendants assert that Defendant Warner's actions consisted of arranging for the impound of trespassing livestock pursuant to chapters 16.04 and 16.24 RCW. His actions, Defendants suggest, were lawful and as such, cannot be found to have "violated clearly established law."

Plaintiff responds that Defendant Warner (and the Brand Inspector Vickie Davis, who is not a named defendant) failed to make threshold determinations that are a prerequisite to impounding livestock pursuant to chapter 16.24 RCW. Plaintiff argues that there was "a total and complete lack of any investigation or inquiry by the Ferry County Sheriff's Office." Interestingly, however, Plaintiff does not dispute that Sheriff Warner read the Open Range RCWs prior to ordering the impound and invested at least 35 minutes investigating the allegations prior to ordering impound. Plaintiff also states that Defendant Warner

///

has admitted wrongdoing.[1] Plaintiff concludes that the alleged unlawful impoundment of Plaintiff's cattle from the Open Range cannot be justified under the statute.

The Court agrees with County Defendants. The Court finds that even if Defendant Warner did violate Plaintiff's constitutional rights related to deprivation of her property and/or due process, Defendant Warner is entitled to qualified immunity. Although it can be argued that Defendant Warner misinterpreted the applicable statutes, he is still entitled to qualified immunity because the statutes and case law did not "clearly establish" that his interpretation was incorrect.

RCW 16.04.025 requires that the property owner contact a county sheriff or state brand inspector, who in turn is to examine the animals in an attempt to determine ownership. It appears that Defendant Warner did not make a visit to the property to examine the animals for identifying characteristics in an attempt to ascertain ownership. RCW 16.04.025 reads:

> **16.04.025. Owner of animals unknown--Procedure**
>
> If the owner or the person having in charge or possession such animals is unknown to the person sustaining the damage, the person retaining such animals shall, within twenty-four hours, notify the county sheriff or the nearest state brand inspector as to the number, description, and location of the animals. The county sheriff or brand inspector shall examine the animals by brand, tattoo, or other identifying characteristics and attempt to ascertain ownership. If the animal is marked with a brand or tattoo which is

---

[1]It appears Defendant Warner simply suggested at his deposition that he could have put more effort towards investigation prior to requesting that the cattle hauler contact Ms. Devaul. Plaintiff's characterization that Defendant Warner admitted to wrongdoing is misleading as the standard for qualified immunity is not based on whether he could have done more, based on hindsight reflection.

> registered with the director of agriculture, the brand inspector or county sheriff shall furnish this information and other pertinent information to the person holding the animals who in turn shall send the notice required in RCW 16.04.020 to the animals' owner of record by certified mail.
>
> If the county sheriff or the brand inspector determines that there is no apparent damage to the property of the person retaining the animals, or if the person sustaining the damage contacts the county sheriff or brand inspector to have the animals removed from his or her property, such animals shall be removed in accordance with chapter 16.24 RCW. Such removal shall not prejudice the property owner's ability to recover damages through civil suit.

Based on the undisputed facts, and regardless of any misinterpretation of his duties under the statute, Defendant Warner is entitled to qualified immunity. This is so because governmental immunity applies to situations where state officials misinterpret the law but demonstrate that they acted objectively reasonable under the *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982) standard adopted by the Supreme Court.

To show that the law is “clearly established” under qualified immunity analysis, it is not enough to assert the violation of a broad or abstract right. *Anderson v. Creighton*, 483 U.S. 635, 639, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987). Rather, in the “particularized” context of the case, “[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.” *Id*. at 640, 107 S.Ct. at 3039. *Anderson* requires an “objective (albeit fact-specific)” analysis “in light of clearly established law and the information the ... officers possessed.” 483 U.S. at 641, 107 S.Ct. at 3040. The undisputed facts indicated the

Defendant Warner was notified on August 1, 2003 by the Ferry County dispatcher that Defendant Deanna Devaul had called the Sheriff's Office concerning some cattle that were currently penned in her corral/pasture. According to Ms. Devaul, the cattle trespassed on her property by pushing through a gate into her pasture. Ms. Devaul stated that the cattle subsequently destroyed a water tank, damaged her barn and a standpipe, and ate a significant amount of hay. Ms. Devaul requested help from the Sheriff's department to remove the trespassing cattle.

The undisputed facts indicate that after reading the report resulting from Ms. Devaul's call to the Sheriff's Office dispatcher, Defendant Warner attempted to have a local livestock hauler contact Ms. Devaul, as he understood his duties according to chapters 16.04 and 16.24 RCW. It is undisputed that he did consult the statutes and that was his interpretation of the statutes at that time. On August 3, 2003, Defendant Bud Knowles loaded thirteen head of cattle from Ms. Devaul's pasture into his truck and transported them to Stockland livestock yard in Davenport, Washington. At the livestock yard, a Washington State brand inspector identified the cattle as belonging to Plaintiff and contacted her to retrieve her cattle. Plaintiff subsequently retrieved her cattle that same day.

"The qualified immunity standard 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law." *Hunter v. Bryant*, 502 U.S. 224, 229 (1991); *Malley v. Briggs, supra*. This accommodation for reasonable error exists because "officials should not err always on the side of caution" because they fear being sued. *Davis v. Scherer*, 468 U.S. 183, 196 (1984).

Defendant Warner is entitled to immunity if a reasonable sheriff could have believed that he had proper authority to impound the cattle. A reasonable sheriff could reasonably believe that authority existed, as did Defendant Warner, under RCW 16.24.110, which reads:

> 16.24.110. Public nuisance--Impounding
> Any horses, mules, donkeys, or cattle of any age running at large or trespassing in violation of chapter 16.24 RCW as now or hereafter amended, which are not restrained as provided by RCW 16.04.010, are declared to be a public nuisance. The sheriff of the county where found and the nearest brand inspector shall have authority to impound such animals which are not restrained as provided by RCW 16.04.010.

This statute makes it clear that even on open range, cattle owners cannot allow their cattle to run at large and become public nuisances. It is undisputed that Defendant Warner believed such was the case after reviewing Defendant Devaul's call to the Sheriff's Office.

Qualified immunity ordinarily should be decided by the court long before trial. See *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). After a thorough review of the undisputed facts, it is the Court's conclusion that Defendant Warner is entitled to qualified immunity regardless of whether he violated a constitutional right.[2] There is no law which "clearly establishes" that Defendant Warner's actions were prohibited under the undisputed facts of this case. Thus, Plaintiff's 42 U.S.C. §1983 claim against Defendant Warner is dismissed.

***b. Municipal Liability***

In addition to suing the named individual County employee, Plaintiff has sued the County for deprivation of her property under the color of

---

[2]The Court does not find that Plaintiff's constitutional rights were violated by County Defendants.

law. Complaint, at ¶ 5.3. Municipalities are "persons" subject to suit under 42 U.S.C. § 1983. *See Monell v. New York City Dept. of Social Serv.*, 436 U.S. 658, 691 n. 55, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). However, municipalities cannot be held liable pursuant to §1983 under a traditional respondeat superior theory. Rather, they may be held liable only when "action pursuant to official municipal policy of some nature caused a constitutional tort." *Id.* at 691, 98 S.Ct. 2018. Plaintiff has not alleged and has not argued any program-wide inadequacy of training or supervision under *Alexander v. City and County of San Francisco*, 29 F.3d 1355, 1367 (9th Cir.1994). Thus the Defendant County may not be held liable under § 1983 based on Plaintiff's theory of the case. Plaintiff's 42 U.S.C. §1983 claim against Defendant Ferry County is dismissed.

***3. Supplemental Jurisdiction Over State Claims***

All that remains in this case as to the County Defendants or other named Defendants, having dismissed Plaintiff's claims for violations of 42 U.S.C. § 1983, are state law tort claims (negligence, conversion, and trespass to chattels) and a fifth cause of action[3] not recognized in the State of Washington.

"[I]n the usual case in which federal-law claims are eliminated before trial, the balance of factors... points toward declining to exercise jurisdiction over the remaining state-law claims." *Imagineering, Inc. v. Kiewit Pacific Co.*, 976 F.2d 1303, 1309 (9th Cir. 1002) (*quoting Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise

[3]Plaintiff alleges as her fifth cause of action "failure to arrive at a solution."

supplemental jurisdiction over a claim...if...the district court has dismissed all claims over which it has original jurisdiction." The Court, having dismissed plaintiff's federal claim, declines to exercise supplemental jurisdiction over any remaining state law claims against any of the Defendants named in this lawsuit.

***4. Motion to Strike***

County Defendants move to strike all documents that are alleged to have not been properly authenticated pursuant to Fed.R.Civ.P. 56(e) and FRE 901 for purposes of this summary judgment motion. County Defendants further request that the Court strike the inadmissible testimony from Plaintiff Copelan's declaration pursuant to FRE 802 amd FRE 901. The Court acknowledges that only admissible evidence may be considered on summary judgment. Only the documents, or portions thereof, that contain admissible evidence have been considered by the Court for purposes of this summary judgment motion. Declarations are admissible only if relevant and based upon personal knowledge. Conclusory facts cannot be utilized on summary judgment. Fed.R.Civ.P. 56(e). The Court so acknowledges and has considered only admissible evidence. The Court grants the County Defendants motion to strike.

## III. CONCLUSION

The Court finds that Defendant Warner reasonably inferred from known circumstances that Plaintiff's cattle were running at large and becoming public nuisances on private land. The Court finds that Defendant Warner also reasonably inferred from the circumstances that he to had proper authority to impound the cattle. Further, the Court finds that Plaintiff has failed to establish the existence of any unconstitutional policy or

custom within the Defendant County that caused an alleged constitutional deprivation. Even if Defendant Warner was mistaken in his judgment, qualified immunity still protects him under the circumstances of this case. As a matter of law, Warner acted objectively reasonable with respect to his role in the impoundment of Plaintiff's 13 cattle. Accordingly,

**IT IS ORDERED** that:

1. Defendant Ferry County, Pete and Jane Doe Warner's Motion for Summary Judgment, **Ct. Rec. 45**, filed November 26, 2007 is **GRANTED.** Plaintiff's 42 U.S.C. §1983 claims against Defendant Ferry County and Defendants Pete and Jane Doe Warner are **DISMISSED WITH PREJUDICE.** The remaining state law claims are **DISMISSED WITHOUT PREJUDICE.**

2. The County Defendants' Motion to Strike, **Ct. Rec. 73**, filed January 8, 2008 is **GRANTED.**

The District Court Executive is directed to enter this Order, enter judgment accordingly, provide a copy to counsel, *pro se* defendants, and **CLOSE THIS FILE.**

**DATED** this 16th day of January, 2008.

***s/Lonny*** R. Suko

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE